This is an appeal by the State of Alabama from a ruling of the Circuit Court of Mobile County granting Wendell Kristopher Taylor's motion to suppress. Appellee was charged with possession of cocaine, in violation of § 13A-12-212, Code of Alabama 1975. He moved for suppression of the cocaine and, after a hearing, the trial court granted the motion.
The record of the suppression hearing reveals that, on November 6, 1987, Deputy Nicholas LaManna of the Mobile County Sheriff's Department and Kenneth Kirkland, an employee of the Alcoholic Beverage Control Board, along with other officers, were making routine license checks of various Mobile area establishments that had licenses to serve alcohol. Having received complaints that an all-night club called "T-Bearz" was serving alcohol to minors, the officers checked the club and were exiting the establishment at approximately 3:00 a.m., when they observed two vehicles pull into the parking lot "at a high rate of speed." LaManna and Kirkland decided to go over and "check out" the occupants of the cars because "there were one or two who were holding a drink or a cup that appeared to be a drink in their hand" and the officers were unable to tell from looking at the persons whether they were of legal age to consume alcohol. The individuals exited their automobiles and proceeded toward the entrance of "T-Bearz." The officers approached the group and asked for some identification from each. Appellee got his wallet and, as he was withdrawing his identification from it, "a small white object fell out and fluttered to the ground." Appellee immediately placed his foot on the object and refused to move it when the officer requested him to do so. The officers then forcibly removed appellee and retrieved the object, which turned out to be a small plastic bag corner with .31 gram of cocaine inside. Appellee was placed under arrest. The cocaine was suppressed on motion of appellee, in which he argued that its discovery was the result of an unlawful search and seizure. The state now appeals from that ruling.
On appeal the state argues that the officers' initial detention of appellee was nothing more than an investigatory one based on reasonable suspicion supported by articulable facts and was, therefore, justified by Terry v. Ohio,392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The state further argues that while the officers were lawfully conducting a Terry
stop, the contraband fell out of appellee's wallet, bringing it within their view inadvertently and, therefore, justifying its seizure upon the "plain view" doctrine.
In reviewing the instant case, we note that the trial court did not include formal findings of fact or provide any reasons for granting appellee's motion to suppress, which makes appellate review difficult. For this reason, we remand this case to the trial court and direct that it make written findings of fact, setting forth the facts relied upon in granting appellee's motion to suppress, and make due return thereof to this court.
REMANDED WITH DIRECTIONS.
All Judges concur.
 ON RETURN TO REMAND